UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>            Plaintiff,<br><br>      v.<br><br>QUI VAN PHAN,<br><br>            Defendant. | Case No. 22-cv-00037-JSW   (DMR)<br><br>**ORDER TO SHOW CAUSE**<br>Re: Dkt. No. 20 |

Plaintiff Scott Johnson filed this disability access lawsuit against Defendant Qui Van Phan, the owner of Bo Gia restaurant in San Jose, California. [Docket No. 1.] The Honorable Jeffrey S. White referred Plaintiff's motion for default judgment to the undersigned for resolution. [Docket Nos. 20, 27.] According to the proof of service, Plaintiff served Defendant via substituted service; specifically, a process server gave the complaint, summons, and other documents to "Ly 'Doe,' Person Apparently in Charge" at an establishment at 2897 Senter Road Unit 140, San Jose, California, on January 19, 2022. [Docket No. 12.] On March 15, 2022, Johnson mailed the documents to that address, which is the location of Bo Gia restaurant. *Id.*; Docket No. 1 ¶ 2.

Before entering default judgment, a federal court has an "affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli v. Rep. of Iraq*, 172 F.3d 707, 712 (9th Cir. 1999). "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under [Federal Rule of Civil Procedure 4]." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). Due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Grimm v. City of Portland*, 971 F.3d 1060, 1065 (9th Cir. 2020) (quoting *Mullane v. Cent.*

1    *Hanover Bank & Tr. Co.*, 339 U.S. 314-15 (1950)).

2          Federal Rule of Civil Procedure 4(e)(1) allows for service of an individual through two
3    different routes.  One route is by "following state law for serving a summons in an action brought
4    in courts of general jurisdiction in the state where the district court is located or where service is
5    made."  Fed. R. Civ. P. 4(e)(1).  The other route provides that an individual can be served by
6    delivering a copy to the individual or to their appointed or legal agent, or by "leaving a copy of
7    each at the individual's dwelling or usual place of abode with someone of suitable age and
8    discretion who resides there."  Fed. R. Civ. P. 4(e)(2).

9          Under California law, an individual may be served by substituted service if the summons
10   and complaint "cannot with reasonable diligence be personally delivered to the person to be
11   served."  Cal. Civ. Proc. Code § 415.20(b).  "Ordinarily, . . . two or three attempts at personal
12   service at a proper place should fully satisfy the requirement of reasonable diligence and allow
13   substituted service to be made."  *Espindola v. Nunez*, 199 Cal. App. 3d 1389, 1392 (1988)
14   (quotation omitted).  Then, a copy of the summons and complaint must be left "at the person's
15   dwelling house, usual place of abode, usual place of business, or usual mailing address" with "a
16   competent member of the household or a person apparently in charge . . . at least 18 years of age,
17   who shall be informed of the contents thereof," and a copy must be mailed to the same address
18   thereafter.  Cal. Civ. Proc. Code § 415.20(b).

19         Plaintiff does not address the adequacy of service in his motion.  [Docket No. 20-1.]  If
20   Plaintiff is taking that position that service was accomplished under California law through
21   substitute service, it is not supported by the record.  His proof of service and counsel declarations
22   do not indicate any prior endeavors to personally serve Defendant before Plaintiff effectuated
23   substituted service, which appears to be Plaintiff's only service attempt.  [Docket Nos. 12; 20-13 ¶
24   6; 23 ¶ 6.]

25         To the extent Plaintiff asserts that service was accomplished pursuant to Rule 4(e)(2), there
26   is no evidence in the record that 2897 Senter Road Unit 140 is Defendant's "dwelling or usual
27   place of abode."  *See* Fed. R. Civ. P. 4(e)(2)(B).  Plaintiff's own photographs demonstrate that the
28   address is a place of business.  [Docket No. 20-6.]

Accordingly, Plaintiff is ordered to show cause in writing by **August 25, 2022** why the undersigned should not recommend denial of this motion for lack of jurisdiction. Plaintiff must file documentation, including a sworn declaration as necessary, demonstrating that he undertook the reasonable diligence required to serve Defendant before resorting to substitute service, or that his service attempts otherwise satisfied the requirements of due process.

The August 25, 2022 hearing on Plaintiff's motion is vacated and will be re-set at a later date if necessary. Civ. L.R. 7-1(b).

**IT IS SO ORDERED.**

Dated: August 18, 2022



Judge Donna M. Ryu
United States Magistrate Judge